# In the United States Court of Federal Claims

No. 25-1473
(Filed: June 25, 2026)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * **  *
                                    *
MICHAEL F. BURNS,                   *
                                    *
                   Plaintiff,       *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                   Defendant.       *
                                    *
 * * * * * * * * * * * * * * * * **  *
```

*Michael F. Burns*, *pro se*, of Bainbridge Island, WA.

*Joshua David Tully*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Michael F. Burns, filed suit in this Court claiming that the U.S. Forest Service ("Forest Service") acted arbitrarily and capriciously when it exempted the Integrated Resource Timber Contract ("IRTC") format from the small business timber set-aside program, allegedly resulting in his former business being sold for a lower value than it would have been but for the exemption. *See* ECF No. 1 at 6, 12. As explained below, because Plaintiff's claims are untimely, the Court lacks subject matter jurisdiction over them and must grant the government's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

## BACKGROUND

On September 3, 2025, Plaintiff filed his complaint in this action. *See generally id.* The complaint asserts that Plaintiff owned Blue North Forest Products ("Blue North"), a sawmill company that was in the business of purchasing federal timber. *Id.* at 4. These purchases were conducted through an IRTC with the Forest Service. *See id.* at 4–5, 9. From what the Court can discern, Plaintiff alleges that Blue North lost its contract with the Forest Service after "the IRTC contract format [was exempted] from the small business timber set-aside program." ECF No. 1

at 6.  According to Plaintiff, this exemption was arbitrary and capricious as it was "contrary to directions in the Small Business Act, the 1971 MOU [Memorandum of Understanding between the Small Business Administration and the Forest Service], and regulations implementing the small business timber set-aside program."  *Id.*  Due to this alleged transgression, "[Plaintiff and his] Operating Manager unsuccessfully challenged the Forest Service decision [from 2010 to 2016] in public hearings and meetings," but ultimately, Plaintiff "was forced into a sale of [Blue North]" for "$10,657,500 in 2016."  *Id.* at 4–5, 12.  Plaintiff now seeks $24,342,500 in compensation for Blue North's loss in value, alleging it would have been worth $35,000,000 if the IRTC had not been exempted from the small business timber set-aside program.  *Id.* at 12.

On December 16, 2025, the government filed a motion to dismiss Plaintiff's complaint, arguing that the action is untimely and the complaint failed to identify a money-mandating source of substantive law.  *See* ECF No. 9 at 3–4.  The Court focuses on the argument that the action is untimely as it finds that argument dispositive.  The government asserts that Plaintiff's claims are time-barred under 28 U.S.C. § 2501, which "mandates that any claim brought before this Court must be 'filed within six years after such claim first accrues.'"  *Id.* at 3 (citing 28 U.S.C. § 2501).  The government contends that, without exception, a claim first accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence."  *Id.* at 3 (quoting *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1350 (Fed. Cir. 2011)).  To support its assertion that the claim accrued more than six years ago, the government directs the Court's attention to the fact that Plaintiff knew about and challenged the Forest Service's decision to exclude the IRTC from the set-aside program in 2010.  *Id.* at 4 (citing ECF No. 1 at 4).  Indeed, the complaint itself alleges that the harm started in 2010.  *Id.* (citing ECF No. 1 at 5).  Moreover, according to the government, the latest date the claim could have accrued would be in 2016 when Plaintiff sold Blue North.  *Id.* (citing ECF No. 1 at 10, 12).  Thus, the government argues that regardless of whether Plaintiff's claim accrued in 2010 or 2016, Plaintiff's complaint was filed outside of the six-year statute of limitations.  *See id.*

Plaintiff responded to the government's statute of limitations argument by asserting that his claim did not accrue until he had "the right to assert it in court" and, under the Administrative Procedure Act, this would have been when he was "injured by final agency action."  ECF No. 11 at 2 (quoting *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 804 (2024)). Plaintiff argues that he did not "have a right to challenge the Government in the US Court of Federal Claims until the 2024 Supreme Court Chevron Decision."  *Id.*  Furthermore, Plaintiff argues that the final agency action will only occur once "the court rules that the Forest Service did not have the authority to unilaterally exempt the IRTC."  *Id.*

In its reply, the government reiterates that a claim accrues when the plaintiff should have been aware of events that fix the government's liability.  ECF No. 12 at 1–2.  It restates that Plaintiff "knew of the Forest Service's decision to exclude the IRTC from the set-aside program, and he was allegedly harmed by that decision in 2016 when he sold [Blue North] for less money than he would have received if the IRTC was included in the set-aside program."  *Id.* (citing ECF No. 9 at 4).  Based on this information, the government argues all the claims are time-barred under section 2501.  *Id.*

On February 17, 2026, Plaintiff filed a sur-reply with the Court's leave. *See generally* ECF No. 14. In his sur-reply, Plaintiff continues his argument that *Corner Post* mandates that the statute of limitations does not start until he was harmed and that he was not harmed until either *Corner Post* or "Chevron" were decided. *Id.* at 1. Because "both [decisions] . . . are within the 6 year limitation," Plaintiff argues that his claims are not time-barred. *Id.* Furthermore, he challenges the government's assertion that he knew of the Forest Service's decision to exclude the IRTC from the set-aside program. *Id.* Plaintiff states that while he knew the 2010 set-aside quantity was reduced, he did not know the Forest Service was going to "completely ignore their set-aside requirement" and effectively "kill the set-aside program for [the] next 5 years." *See id.* at 2.

## DISCUSSION

### A.    Legal Standard

Under RCFC 12(b)(1), the Court must dismiss any claim that does not fall within its subject matter jurisdiction. In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the non-moving party and draw all logical inferences in the light most favorable to that party. *See Rogers v. United States*, 95 Fed. Cl. 513, 515 (2010) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). While a *pro se* plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is one of limited jurisdiction. "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (omission in original) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, this Court's authority to grant relief in a case is constrained by the scope of the United States' waiver of sovereign immunity under the Tucker Act. *See* 28 U.S.C. § 1491; *Testan*, 424 U.S. at 399 (quoting *Sherwood*, 312 U.S. at 587–88). One constraint on the scope of that waiver is the statute of limitations, which expressly limits "the Tucker Act's waiver of sovereign immunity," *Hart v. United States*, 910 F.2d 815, 817 (Fed. Cir. 1990) (citing *Soriano v. United States*, 352 U.S. 270, 273–74 (1957)), and is an absolute, "jurisdictional" bar, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008). The Tucker Act's statute of limitations bars any claim that is not "filed within six years after such claim first accrues." 28 U.S.C. § 2501.

3

**B.    Analysis**

As is explained below, Plaintiff's claim falls outside of the Tucker Act's six-year statute of limitations; therefore, Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction.

First, Plaintiff's claim accrued more than six years before he filed his complaint.  A claim accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *San Carlos Apache Tribe*, 639 F.3d at 1350 (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988)).  Liability is fixed when governmental action results in harm to a plaintiff that provides a basis for bringing suit.  *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) ("A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit . . . .").  Plaintiff's chief claim is that he was harmed by the Forest Service's decision to exclude the IRTC from the set-aside program.  ECF No. 1 at 6.  Plaintiff alleges the damage from this decision began in 2010 when that decision was made, *id.* at 4–6, or, at the latest, in 2016 when he had to sell his business for less than what he believes it would have been worth but for the Forest Service's decision, *id.* at 12.  Moreover, as the government correctly argues, Plaintiff was aware of the action and the harm at those times because the complaint alleges both damages from about 2010 to 2016 and attempts to challenge the Forest Service decisions during this time period.  *See id.* at 5, 9, 11 (alleging damages because the "Forest Service was negligent in not following the requirements of the Small Business Act and their own implementing regulations [in administering] the timber program in the Clearwater Market Area from 2010 to 2015").  Therefore, Plaintiff's cause of action accrued, and the statute of limitations began to run, because the Complaint alleges that there was (1) governmental action, (2) alleged harm to Plaintiff, and (3) Plaintiff had or should have had knowledge of the action and the alleged harm.  *See Martinez*, 333 F.3d at 1303; *Hopland Band,* 855 F.2d at 1577.  Whether accrual occurred in 2010 or in 2016 is immaterial; in either case, waiting until 2025 to file a complaint puts Plaintiff's claims outside of the six-year statute of limitations.  Accordingly, Plaintiff's complaint must be dismissed as time-barred.

Second, the Supreme Court's "Chevron Decision" did not toll the statute of limitations or otherwise prevent accrual of Plaintiff's claim.  The Court surmises that Plaintiff's reference to the "Chevron Decision" throughout his filings, *see, e.g.*, ECF No. 1 at 4; ECF No. 14 at 1, was intended to be a citation to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).  *Loper Bright* eliminated the deference courts previously accorded to an agency's interpretation of the law when a plaintiff challenged agency action.  *See* 603 U.S. at 412 ("*Chevron* is overruled.  Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984))).  This decision, however, did not create the *ability* to challenge agency action; rather, it changed the amount of deference the agency receives when such a challenge is brought.  In other words, prior to *Loper Bright*, Forest Service actions could be challenged in court—the only difference was that under *Chevron* courts would have deferred to the Forest Service's interpretation of the law.  *See, e.g.*, *Wildearth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1329–31 (D.N.M. 2009) (considering a challenge to a Forest

4

Service decision and applying *Chevron* deference).  *Loper Bright*'s overruling of *Chevron* did not create a cause of action for these types of challenges.  Plaintiff could have contested the Forest Service decision at any point during the six-year period following the alleged harm— whether that harm accrued in 2010 or 2016—but he did not.  Accordingly, *Loper Bright* does not aid Plaintiff's statute of limitations argument.

Moreover, even if the *Loper Bright* decision did in some way affect Plaintiff's ability to bring his claim against the Forest Service, the presence of a previously unfavorable precedent— in this case *Chevron*—does not automatically lead to suspension or tolling of the statute of limitations.  *Boling v. United States*, 220 F.3d 1365, 1374 (Fed. Cir. 2000) ("It is true that during the period between the decision in *Ballam* and its subsequent reversal in *Owen*, any claim by the plaintiffs for compensation would have been difficult.  However, this difficulty does not justify tolling the statute of limitations.").  Rather, "a plaintiff must seek to vindicate his or her rights in court even if doing so would have been difficult." *Jordan v. United States*, 179 Fed. Cl. 558, 588 (2025).  Put differently, a litigant "cannot toll or suspend the running of the statute [of limitations] by relying upon the uncertainties of controlling law.  It is incumbent upon him to test his right and remedy in the available forums." *Commc'ns Vending Corp. of Ariz., Inc. v. F.C.C.*, 365 F.3d 1064, 1075 (D.C. Cir. 2004) (quoting *Fiesel v. Bd. of Educ.*, 675 F.2d 522, 524–25 (2d Cir. 1982)).  In short, the *Loper Bright* decision does not help Plaintiff preserve his claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.  The Clerk is directed to enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge